**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006[*]
Decided March 24, 2006

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-2195

| | |
|---|---|
| PAUL E. HARRIS, JR., <br>     *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division |
|    *v.* | No. 2:05-CV-0073-RLY-WGH |
| J. DAVID DONAHUE and INDIANA DEPARTMENT OF CORRECTIONS, <br>     *Defendants-Appellees.* | Richard L. Young, <br> *Judge.* |

## O R D E R

Indiana inmate Paul Harris, Jr., filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, complaining of constitutional violations stemming from an Indiana Department of Corrections ("IDOC") policy that prohibits children under the age of 18 from visiting adult sexual offenders in prison. The district court dismissed his

---

[*] We granted appellees' motion for an order of non-involvement on appeal due to lack of service in the district court and ordered that this appeal be submitted for decision without the filing of a brief by the appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the appellant's brief and the record. *See* Fed. R. App. P. 34(a)(2).

complaint under 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and Harris now appeals. Because we believe that his complaint sufficiently stated a claim, we vacate and remand.

In 2000, Harris was convicted of five counts of child molestation, Ind. Code § 35-42-4-3. In 2001, IDOC officials prohibited Harris's children (all of whom were under the age of 18 when Harris filed his complaint) from visiting him; as prison officials explained to Harris, IDOC policy prohibited children under the age of 18 from visiting adult offenders who were convicted for a sexual offense involving a minor "regardless of relationship to the offender." *See also* Ind. Code § 11-11-3-9(b)(1)(a); *Doe v. Donahue*, 829 N.E.2d 99, 103 (Ind. Ct. App. 2005) (describing IDOC policy mandating "offenders who have a current or past adjudication/conviction of a sex offense involving a minor shall not be permitted to receive visits from minors").

In 2005, Harris filed a complaint under § 1983, alleging that the denial of visitation violated, among other things, his right to due process under the Fourteenth Amendment. The district court disagreed and dismissed the complaint under 28 U.S.C. § 1915A(b)(1): "It violates no federally secured rights when prison authorities enact and enforce a policy prohibiting prisoners from visiting with children, even the prisoner's own children." Harris then sought reconsideration, which the district court denied.

Harris now appeals, reiterating that his challenge to IDOC's visitation policy does state a claim upon which relief can be granted. Harris argues in essence that the policy violates his liberty interest to associate with his children that is inherent in the Due Process Clause of the Fourteenth Amendment. We review de novo dismissals for failure to state a claim under § 1915A. *Westefer v. Snyder*, 422 F.3d 570, 574 (7th Cir. 2005).

We note at the outset that the interest Harris asserts is an important one. "Parents have a liberty interest, protected by the Constitution, in having a reasonable opportunity to develop close relations with their children." *Hodgson v. Minnesota*, 497 U.S. 417, 483 (1990) (Scalia, J., concurring in part and dissenting in part), *quoted in Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004). In the prison context, courts have observed that visitation may significantly benefit both the prisoner and his family. *See Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 465-70 (1989) (Marshall, J., dissenting), *quoted in Wirsching*, 360 F.3d at 1198; *see also Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (stating that "access [to prisons] is essential . . . to families and friends of prisoners who seek to sustain relationships with them"). Nevertheless, "the very object of imprisonment is confinement," and "many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner." *Overton v. Bazzetta*, 539 U.S. 126, 131

(2003). Prisoners do not retain rights inconsistent with proper incarceration, and "freedom of association is among the rights least compatible with incarceration." *Id.* Accordingly, the Constitution allows prison officials to impose reasonable restrictions upon visitation. *See id.*

When a prison policy such as IDOC's impinges on a prisoner's constitutional rights, courts assess whether it is reasonably related to legitimate penological interests. *See Overton*, 539 U.S. at 132 (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)); *Lindell v. Frank*, 377 F.3d 655, 657-58 (7th Cir. 2004). There are four factors that courts must consider in determining whether the policy is constitutional: (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights. *Overton*, 539 U.S. at 132 (citing *Turner*, 482 U.S. at 89-91).

Although it is possible to envision a security justification or other penological interest that would support IDOC's visitation policy, *see Overton*, 539 U.S. at 132-33; *Thompson*, 490 U.S. at 460; *Wirsching*, 360 F.3d at 1200-01, it would be premature at this early stage to presume that such a justification exists. It may be that the policy is intended to protect Harris's children from abuse or misconduct that could occur during their visit, *see Overton*, 539 U.S. at 132-33; *Doe*, 829 N.E.2d at 103, or that it is based on the belief that Harris must abstain from contact with children as part of his rehabilitation as a child sex offender, *see Wirsching*, 360 F.3d at 1200-01. But because this claim was dismissed at screening, the defendants were never required to explain the basis for their no-visitation policy. *See Lindell*, 377 F.3d at 657-58 (vacating § 1915A dismissal of prisoner's First Amendment claim because district court prematurely presumed a security justification that would support the prison's actions). Whether Harris can prove his claim is a matter about which we express no opinion. We say only that the dismissal of his claim, at the screening stage of the proceedings, was premature.

We accordingly VACATE the dismissal of Harris's complaint, and REMAND for further proceedings consistent with this order.